UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10604

HARTFORD ACCIDENT AND
INDEMNITY COMPANY
                     Plaintiff,

v.

VANTAGEPOINT TECHNOLOGIES, INC.
a/k/a VANTAGE POINT TECH., INC. and
DOUGLAS BACHELOR
                     Defendants.

COMPLAINT FOR DECLARATORY JUDGMENT

     1.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, in which the

plaintiff seeks to determine its rights and obligations under a certain policies of insurance that it

issued to the corporate defendant.  The insurance coverage dispute involves a claim by a

software customer against the defendants who failed to give proper and timely notice of the

claim under their insurance policies.

PARTIES

     2.      The plaintiff, Hartford Accident and Indemnity Company ("Hartford"), is an

insurance company organized and existing under the laws of Connecticut, with its principal place

of business in Hartford, Connecticut.  The Hartford is licensed and authorized to issue policies of

insurance.

     3.      The defendant, VantagePoint Technologies, Inc. a/k/a Vantage Point Tech., Inc.

("Vantage Point"), is a Massachusetts corporation with its principal place of business in Groton,

Massachusetts.  Vantage Point provides customized software development.

4.      The defendant Douglas Bachelor ("Bachelor") is an individual residing in Groton, Massachusetts.  Bachelor is also the sole officer and director of Vantage Point.

## JURISDICTION

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  There is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## THE INSURANCE POLICIES

6.      Hartford issued to Vantage Point two separate FailSafe MEGA Technology Errors or Omissions Liability Policies, number 08 SB AIK8457, for the Coverage Periods of April 20, 2008 to April 20, 2009 ("Earlier Policy") and April 20, 2009 to April 20, 2010 ("Later Policy").

7.      The limits of insurance for the Policies are $1,000,000/Glitch and $1,000,000/Aggregate per Coverage Period.  There is a $5,000 Retention for each Policy.

8.      Each Policy is a Claims made and reported in writing policy.  There is a Retroactive Date in both Policies of April 20, 2007.  Claim Expenses erode the limits of insurance.

## THE UNDERLYING LAWSUIT

9.      On or about January 21, 2010 a Complaint for Negligent Misrepresentation of Fact; Negligence; Fraud and Deceit and Suppression of Fact; and Breach of Contract ("Pre-Employ Complaint") captioned *Pre-Employ.com, Inc. v. Douglas Bachelor, Vantage Point Technologies, Inc. and Does 1 through 50*, was filed by Pre-Employ.com ("Pre-Employ") in the Superior Court for the State of California in and for the County of Shasta as Case No. 168239.

10.      By letter dated February 25, 2010 Hartford agreed to pay Claims Expenses for the defense of the lawsuit by counsel selected by Bachelor and Vantage Point to the Claim represented by the Pre-Employ Complaint ("Pre-Employ Claim") subject to a full reservation of

rights, including, but not limited to, the right to withdraw the defense and to seek recovery of

Claims Expenses if it determined that Vantage Point and Bachelor were not entitled to coverage

under the Policy.

## CLAIM REPORTING

11.     The defendants first notified Hartford of a dispute with Pre-Employ in May 2009

when they received a May 9, 2009 Demand for Arbitration from Pre-Employ after the expiration

of the Coverage Period of the Earlier Policy and during the Coverage Period of the Later Policy.

12.     In a letter dated May 20, 2009, Hartford acknowledged the submission and

specifically advised the defendants that all rights were reserved, including whether there was

"proper notice of a claim or wrongful act."  The Pre-Employ Complaint was then forwarded to

Hartford on January 31, 2010.  In response to the Pre-Employ Complaint, Hartford issued the

February 25, 2010 reservation of rights letter.

13.     It came to Hartford's attention after the Coverage Period for the Earlier Policy

that the defendants received on October 8, 2008 a letter titled "Notice of Intent to Proceed with

Litigation" from counsel for Pre-Employ.

14.     Further on information and belief, based upon the advice of Vantage Point's

independent insurance agent, Circle Business Insurance Agency, Inc., the defendants did not

submit to Hartford the Notice of Intent to Proceed with Litigation within the time period to do so

under the Earlier Policy as either (1) a notice of a Claim or (2) a notice of a Glitch or

circumstance that may result in a Claim.

## CLAIMS FIRST MADE AND REPORTING REQUIREMENT

15.     Although the Pre-Employ Claim was submitted for coverage under the Later

Policy, there is no coverage under that Policy.

16.     The first sentence of The Policy states "This is Claims first made and reported in writing coverage."

17.     Coverage applies only to Claims when "the Claim because of a Glitch is first made against any of You during the Coverage Period and reported to Us in writing during the Coverage Period."

18.     The October 2008 Notice of Intent to Proceed with Litigation is a Claim first made against the defendants prior to the Coverage Period of the Later Policy.

19.     The Notice of Intent to Proceed with Litigation also indicates that the defendants "knew or reasonably should have known of a Glitch, or any fact(s) or circumstance(s) which could reasonably be expected to result in a Claim" prior to the April 20, 2009 Start Date of the Later Policy.

20.     The Policy applies only if before the Start Date of the Policy neither the named insured, executive officer or individual responsible for the insurance, legal or financial matters of the named insured "knew or should have reasonably known of: (i) a Glitch; or any fact(s) or circumstances(s) which could reasonably be expected to result in a Claim."

21.     Likewise, the Notice to Intent to Proceed with Litigation is not covered under the Earlier Policy as it was not reported to Hartford during that Coverage Period although it is a claim first against the defendants made during that Coverage Period.

22.     Rather, the defendants deliberately chose not to submit the Notice of Intent to Proceed with Litigation under the Earlier Policy.

23.     The Policy further provides in Section VII. F that Vantage Point notify Hartford as soon as practicable of a Glitch or a circumstance that may result in a Claim.

24.     Section VII. F further requires that Vantage Point must immediately send Hartford a copy of all demands and notices received in connection with a Claim.

25.     As Vantage Point chose not to submit the Notice of Intent to Proceed with

Litigation as required under the terms and conditions of the Policy, there is no coverage under

the Earlier Policy.

## OTHER POLICY PROVISIONS

26.     Pre-Employ has made a claim for breach of contract which is not covered by the

Policy.  Exclusion A.15 under Section III of the Policy provides that Hartford will not pay

Damages or Claim Expenses or defend you for any Glitch or Claim arising out of or in any way

related to any actual or alleged breach of:  (a) warranty; (b) guaranty; and (c) contract, except for

liability which You would have in the absence of a contract.

27.     In addition, Pre-Employ has alleged a failure to complete the work which would

not be covered by the Policy.  Exclusion A.6 under Section III of each Policy provides that

Hartford will not pay Damages or Claim Expenses or defend you for any Glitch or Claim arising

out of or in any way related to any actual or alleged delay in or failure to complete Technology

Services.

28.     Pre-Employ has also asserted a claim for exemplary punitive damages based upon

intentional fraud and deceit which are not covered under the Policy.  Pre-Employ alleged that it

notified the defendants of the problems prior to the April 20, 2009 Start Date of the Policy.

Under Exclusion C of Section III of each Policy, Hartford will not pay Damages or Claim

Expenses for any Glitch or Claim arising out of or in any way related to any: 1. dishonest,

fraudulent, criminal or intentional wrongful act or omission by any of You; or 2. material defect

or bug known by any of You that could reasonably be expected to cause harm; when such act or

knowledge is established by Your admission or final adjudication by a jury, court or arbitrator.

Because part of the Complaint alleges intentional wrongful acts and a known defect or bug,

Hartford has no duty to indemnify the defendants in connection with any damages awarded in connection with these allegations.

29.     Likewise, Pre-Employ alleges that the defendants misrepresented their qualifications in connection with a February 2007 written agreement.  The Policies provide coverage only if the Glitch was committed on or after the Retroactive Date of April 20, 2007. Therefore, neither Policy will apply if the purported Glitch was committed prior to April 20, 2007.

30.     In addition, the Pre-Employ Claim seeks types of relief not covered as Damages under each Policy.  Damages means a money award, judgment or settlement that You become legally required to pay, including punitive, exemplary and multiplied damages where insurable by law.  Damages do not include: 1. any kind of: refund, rebate, redemption coupon, offset, return or credit that has been paid to or by any of You, or that is owed to or by any of  You; examples include but are not limited to any of the following: any licensing fee or other fee, royalty, subscription or access charge, or other charge; 2. disgorgement of profits or any money or credits that represent any gain, profit or advantage to which any of You are not legally entitled; 3. Your cost to comply with any non-money or injunctive relief; 4. cost or expense to recall, upgrade, replace, repair, correct, complete or reperform  Technology Services, in whole or part, by: a. any of You; or b. another party if any of You had the opportunity to recall, upgrade, replace, repair, correct, complete or reperform Technology Services;  5. any criminal: fine or penalty; 6.any payment any of You make without our prior written consent; or 7. the purchase or contract price for Your Technology Services (emphasis added).  The defendants are not entitled to indemnification in connection with any item of loss that does not meet the definition of Damages under the Policy.

31.     Therefore the defendants are not entitled to coverage under both Policies.

## CAUSES OF ACTION

### COUNT I
(Late Reporting - Earlier Policy)

32.     Hartford repeats and realleges all of the preceding allegations.

33.     In October 2008, the defendants received a Claim from Pre-Employ which is the same Claim as the claim alleged in the Pre-Employ Complaint.

34.     The defendants failed to report the Pre-Employ Claim in accordance with the terms of the Earlier Policy.

35.     Therefore, there is no coverage for the Pre-Employ Claim.

### COUNT II
(Prior Notice - Later Policy)

36.     Hartford repeats and realleges all of the preceding allegations.

37.     By October 2008, the defendants knew of any Glitch or facts and circumstances which could reasonably be expected to result in the Pre-Employ Claim.

38.     Pre-Employ Claim does not fall within Part C of the Coverage Section of the Later Policy

39.     Therefore, there is no coverage for the Pre-Employ Claim.

### COUNT III
(Retroactive Date)

40.     Hartford repeats and realleges all of the preceding allegations.

41.     Any covered Glitches alleged in the Pre-Employ Claim were committed prior to the retroactive date of April 20, 2007.

42.     Therefore, there is no coverage for the Pre-Employ Claim.

### COUNT IV
(Exclusion A.6)

43.     Hartford repeats and realleges all of the preceding allegations.

7

44.     The Pre-Employ Claim involves a Glitch or Claim arising out of or related to actual or alleged conduct excluded by Exclusion A.6 of the Policies.

45.     Exclusion A.6 provides that Hartford will not pay Damages or Claim Expenses or defend you for any Glitch or Claim arising out of or in any way related to any actual or alleged delay in or failure to complete Technology Services.

46.     Pre-Employ asserts that the defendants failed to complete Technology Services for which it contracted.

47.     Therefore, the Pre-Employ Claim is excluded under the Policies.

## COUNT V
### (Exclusion A.15)

48.     Hartford repeats and realleges all of the preceding allegations.

49.     The Pre-Employ Claim involves a Glitch or Claim arising out of or related to actual or alleged conduct excluded by Exclusion A.15 of the Policies.

50.     Exclusion A.15 provides that Hartford will not pay Damages or Claim Expenses or defend you for any Glitch or Claim arising out of or in any way related to any actual or alleged breach of:  (a) warranty; (b) guaranty; and (c) contract, except for liability which You would have in the absence of a contract.

51.     Pre-Employ asserts that the defendants were in breach of contract.

52.     Therefore, the Pre-Employ Claim is excluded under the Policies.

## COUNT VI
### (Exclusion C.1)

53.     Hartford repeats and realleges all of the preceding allegations.

54.     The Pre-Employ Claim involves a Glitch or Claim arising out of or related to actual or alleged conduct excluded by Exclusion C of the Policies.

55.     Exclusion C provides that Hartford will not pay Damages or Claim Expenses for any Glitch or Claim arising out of or in any way related to any: 1. dishonest, fraudulent, criminal or intentional wrongful act or omission by any of You; or 2. material defect or bug known by any of You that could reasonably be expected to cause harm; when such act or knowledge is established by Your admission or final adjudication by a jury, court or arbitrator.

56.     Because the Pre-Employ Claim asserts intentional wrongful acts and a known defect or bug, Hartford has no duty to indemnify the defendants in connection with any Damages awarded in connection with these allegations.

57.     Therefore, the Pre-Employ Claim is excluded under the Policy.

<u>COUNT VII</u>
(Damages Definition)

58.     Hartford repeats and realleges all of the preceding allegations.

59.     Pre-Employ seeks types of relief not covered as Damages under the Policies.

60.     Damages do not include:  1. any kind of: refund, rebate, redemption coupon, offset, return or credit that has been paid to or by any of You, or that is owed to or by any of You; examples include but are not limited to any of the following: any licensing fee or other fee, royalty, subscription or access charge, or other charge; 2. disgorgement of profits or any money or credits that represent any gain, profit or advantage to which any of You are not legally entitled;  3. Your cost to comply with any non-money or injunctive relief; 4. cost or expense to recall, upgrade, replace, repair, correct, complete or reperform Technology Services, in whole or part, by: a. any of You; or b. another party if any of You had the opportunity to recall, upgrade, replace, repair, correct, complete or reperform Technology Services;  5. any criminal: fine or penalty; 6.any payment any of You make without our prior written consent; or 7. the purchase or contract price for Your Technology Services.

9

61.     Pre-Employ seeks costs and expenses paid to the defendants and the costs and

expenses of others to repair, complete, correct, and reperform Technology Services.

62.     Therefore, the Pre-Employ Claim is excluded under the Policy.

WHEREFORE, the plaintiff Hartford Accident and Indemnity Company requests that the

Court order and declare that:

A.     The Policies do not provide coverage for the Pre-Employ Claim;

B.     Hartford is not obligated either to defend or indemnify Vantage Point or Bachelor
        in connection with the Pre-Employ Claim;

C.     Hartford has no liability to Vantage Point and Bachelor in connection with the
        Pre-Employ Claim; and

D.     Vantage Point and Bachelor shall jointly and severally pay to Hartford the
        amounts advanced as Claim Expenses on account of the Pre-Employ Claim by
        Hartford with interest.

The plaintiff further requests that the Court award Hartford its attorneys' fees, costs,

expenses, interest and such other relief as the Court may deem appropriate.

HARTFORD ACCIDENT AND
INDEMNITY COMPANY

By its attorneys,

/s/ Robert A. McCall
Harvey Weiner, BBO # 519840
Robert A. McCall, BBO # 552682
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
617-951-2100

:741729_1